IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AUGUSTUS SIMMONS,

    *Petitioner,*

v.

JOHN D. WETZEL, *et al.*,

    *Respondents.*

CIVIL ACTION
NO. 17-03704

**PAPPERT, J.**                     November 30, 2018

**<u>MEMORANDUM</u>**

  On July 23, 2017, Augustus Simmons filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. On September 24, 2018, Magistrate Judge Carol Sandra Moore Wells issued a Report and Recommendation (R&R) recommending that the petition be denied as untimely and dismissed without an evidentiary hearing. (ECF No. 15.) Simmons filed objections to the R&R on October 15, 2018. (ECF No. 17.) After thoroughly reviewing the record, Magistrate Judge Wells' R&R and Simmons' objections, the Court overrules those objections and adopts the R&R.

I

  Simmons pled guilty to conspiracy to commit murder and related offenses on March 8, 2012. *Cmmw. v. Simmons*, No. 675 EDA 2016, 2017 WL 177739, at *1 (Pa. Super. Ct. Jan. 17, 2017). The court imposed an agreed-upon sentence of twenty-five to fifty years imprisonment. *Id.* Simmons did not appeal his conviction or file a post-sentence motion. *Id.* Instead, he filed a timely petition under Pennsylvania's Post Conviction Relief Act ("PCRA") on January 2, 2013, arguing that trial counsel was

1

ineffective. *Id.* His appointed counsel subsequently filed a no-merit letter pursuant to *Cmmonwealth v. Finley*, 550 A.2d 213 (Pa. 1988), and moved to withdraw as counsel. *Simmons*, 2017 WL 177739, at *1. The PCRA court granted the request and dismissed Simmons' petition on June 18, 2014. *Id.* On June 11, 2015, the Superior Court affirmed the dismissal of Simmons' PCRA petition. *Commw. v. Simmons*, No. 1857 EDA 2014, 2015 WL 7019091, at *1 (Pa. Super. Ct. June 11, 2015). The Pennsylvania Supreme Court denied Simmons' petition for allowance of appeal on October 14, 2015. *Commw. v. Simmons*, 125 A.3d 1201 (Pa. 2015).

On December 14, 2015, Simmons filed a second PCRA petition. *Simmons*, 2017 WL 177739, at *1. The PCRA court dismissed Simmons' second petition as untimely on February 12, 2016. *Id.* Simmons filed a timely notice of appeal to the Superior Court. *Id.* Simmons did not acknowledge the untimeliness of his second PCRA petition, nor did he "plead any [statutory] exception to the PCRA's one-year time-bar." *Id.* at *2. The Superior Court concluded that Simmons' second PCRA claim was "patently untimely" and affirmed the dismissal of the petition. *Id.* at *1.

On July 23, 2017,[1] Simmons filed a *pro se* petition for a writ of habeas corpus. (ECF No. 1.) He asserts four claims: that his confinement is unlawful, he was denied due process of law, his Sixth Amendment rights were violated and he was subjected to double jeopardy. (R&R at 2.) On September 24, 2018, Judge Wells issued her R&R,

---

[1] As noted in the R&R, the Clerk of Court docketed the habeas petition on August 17, 2017. (R&R at 2.) However, because Simmons is a *pro se* inmate, his petition is deemed filed on the date he gave it to the prison officials for mailing, which he stated in his petition was July 23, 2017. *Id.*; *see Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("[W]e hold that a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.").

2

recommending that Simmons' claims for relief be denied and his habeas petition be dismissed without an evidentiary hearing because it was untimely. (*Id.* at 1.) On October 15, 2018,[2] Simmons filed objections to the R&R, arguing that his habeas petition was untimely because he first needed to exhaust his administrative remedies and that equitable tolling applies. (Obj. at 2–3, ECF No. 17.)

II

A

The Court reviews *de novo* the specific portions of the R&R to which a party objects.[3] *See* 28 U.S.C. § 636(b)(1); *see also Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on applications for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] The Clerk of Court confirmed that the R&R had been sent to all parties of record on September 24, 2018, and that no objections had been filed by October 10, 2018. (ECF No. 16.)

[3] "[F]or the portion of the R&R to which no objection [is] made, the Court reviews the R&R for clear error." *Harris v. Mahally*, No. 14-2879, 2016 WL 4440337, at *4 (E.D. Pa. Aug. 22, 2016). Since the Court liberally construes Simmons as purportedly objecting to the R&R in its entirety, the Court reviews the findings *de novo*.

3

(C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could be discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

Simmons' conviction became final on April 7, 2012, when the time for filing a direct appeal expired. (R&R at 4.) The one-year limitations period under AEDPA thus began to run on that date. Simmons timely filed his first PCRA petition on January 2, 2013, two hundred and seventy days after his final judgment date, tolling the one-year limitations period. (*Id.*) The Pennsylvania Supreme Court denied Simmons' petition for allowance of appeal on October 14, 2015, giving Simmons ninety-five days, or until January 18, 2016, to file his habeas petition. (*Id.*) He did not file the petition until July 23, 2017. (*Id.*) Simmons does not argue that he qualifies for an alternative start date of the one-year limitations period under § 2244(d)(1)(A–D), and thus his habeas petition is untimely unless equitable tolling applies.[4]

III

A

The Court considers Simmons' first, second and fourth objections together because they discuss his need "to exhaust administrative remedies" before filing his habeas petition in federal court. (Obj. at 2–3.)[5] Simmons is correct that he needed to

---

[4] Simmons' second PCRA petition does not permit statutory tolling because it was untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413–17 (2005).

[5] Simmons' third objection also mentions his exhaustion of administrative remedies. For example, he states that he "filed a second PCRA to preserve [sic] his new claims and exhaust his administrative remedies." (Obj. at 2.) The Court thus applies its discussion of the exhaustion requirement to those parts of the third objection that reference it.

comply with the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 231 (3d Cir. 2004) ("A state prisoner must exhaust his state court remedies before a federal court may grant him habeas relief."). Simmons' need to exhaust his state court remedies before filing a habeas petition does not of course cure the untimeliness of that petition. These objections are therefore overruled.[6] *See, e.g.*, *Bland v. Gilmore*, No. 15-6219, 2016 WL 3982315, at *1 n.1 (E.D. Pa. July 21, 2016) (refusing to consider objections that do not address the untimeliness of the habeas petition).

B

Simmons' third objection asserts that equitable tolling applies. Simmons conclusorily argues that he "exercised diligence in pursuing his rights" and that "extraordinary circumstances prevented timely filing" because failure to "exhaust his administrative remedies . . . would have barred his claims under the 60 day discovery rule."[7] (Obj. at 2–3.)

Notwithstanding the tolling provided for by section 2244(d)(2), the AEDPA limitation period may be tolled for equitable reasons in appropriate cases. *Holland v.*

---

[6] Simmons argues that his "second PCRA petition was filed as newly discovered evidence" and was "timely in the eyes in of the federal court because without first exhausting my administrative remedies my meritful [sic] claims would not be allowed to be presented nor argued in my federal habeas corpus." (Obj. at 2.) When he appealed his case to the Superior Court, Simmons should have challenged the untimeliness of his second PCRA petition by pleading an exception to the PCRA's one-year time-bar. *See Simmons*, 2017 WL 177739, at *2.

[7] The "60 day discovery rule" remains undefined in Simmons' objections but presumably references the requirement that any petitioner invoking a statutory exception to the one-year time-bar must file his PCRA petition within sixty days of the date the claim could have been presented. *See Cmmw. v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) ("[A]ny [PCRA] petition filed pursuant to any of these timeliness exceptions must be filed within 60 days of when the petition could have been presented . . . [T]he 60–day rule requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence.") (citations omitted).

5

*Fla.*, 560 U.S. 631, 645 (2010). Such equitable tolling is appropriate only in the rare situation where "principles of equity would make the rigid application of the [one-year statute of limitations] unfair." *Miller v. N.J. State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). A petitioner seeking equitable tolling bears the burden of establishing both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. The fact that a petitioner is proceeding *pro se* or has no legal training does not insulate him from this two-pronged requirement. *Ross v. Varano*, 712 F.3d 784, 799–800 (3d Cir. 2013).

i

To be entitled to equitable tolling, a habeas petitioner must show that he exercised reasonable diligence in investigating and bringing his claims. *Holland*, 560 U.S. 631, 649; *see also Munchinski v. Wilson*, 694 F.3d 308, 330 (3d Cir. 2012) ("[T]o determine if a petitioner has been reasonably diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances."). This obligation to exercise reasonable diligence pertains to both the federal habeas claim as well as the period in which the petitioner exhausted state court remedies. *Alicia v. Karestes*, 389 Fed. App'x 118, 122 (3d Cir. 2010) (non-precedential opinion). A court may consider the timing of the petitioner's filing of the habeas petition as a factor in determining whether the petitioner acted diligently. *Id.*

A petitioner's delay in filing a PCRA or habeas petition demonstrates a lack of reasonable diligence foreclosing equitable tolling. *Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006). For example, in *Satterfield*, the Third Circuit held that a habeas

6

petitioner who waited nearly a year to file a PCRA petition, and more than eight months to file a habeas petition, had not acted diligently and was thus not entitled to equitable tolling. *Id.*; *see also Pace,* 544 U.S. at 419 (finding a "lack of diligence precludes equity's operation" where petitioner waited years to bring first post-conviction claim and over five months after denial of state post-conviction relief to pursue federal *habeas corpus*). Like the petitioner's delays in *Satterfield* and *Pace*, Simmons' delays in filing both his second PCRA petition as well as his habeas petition demonstrate a lack of reasonable diligence precluding equitable tolling of the AEDPA statute of limitations.

ii

In addition to reasonable diligence, a habeas petitioner seeking equitable tolling must establish that an extraordinary circumstance prevented his timely filing. *Holland*, 560 U.S. at 647. In determining whether a circumstance qualifies as extraordinary, "the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners . . . but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Ross*, 712 F.3d at 802–03 (quoting *Pabon v. Mahonay*, 654 F.3d 385, 400 (3d Cir. 2011)). To satisfy the extraordinary circumstances prong, a petitioner must demonstrate a causal connection between the extraordinary circumstance and the lateness of his filing. *Ross*, 712 F.3d at 803. But Simmons alleges no extraordinary circumstances; rather, he repeats his need to exhaust administrative remedies. He has therefore not established a causal connection between exhausting his remedies so that his claims

were not barred under the "60 day discovery rule" and his failure to file a timely habeas petition by the January 18, 2016 deadline.

IV

For the reasons above, the Court adopts the R&R in its entirety, overrules Simmons' objections and denies and dismisses Simmons' petition.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.